El Pueblo de Puerto Rico, demandante y apelado, *v.* Edmundo B. Fernández, acusado y apelante; El Mismo *v.* El Mismo.

Nos. 5429 y 5430.—*Sometidos:* Junio 13, 1934. *Resueltos:* Junio 20, 1934.

*Dubón & Ochoteco,* abogados del apelante; *R. A. Gómez* y *Luis Janer, Fiscal* y *Fiscal Auxiliar,* respectivamente, abogados de El Pueblo, apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Estos casos se iniciaron por denuncias presentadas ante la Corte Municipal de Bayamón por delitos de la misma naturaleza y contra el mismo acusado. Condenado éste por la corte municipal, apeló para ante la de distrito y al llamarse los casos para celebrar los juicios de nuevo, ambas partes los sometieron mediante estipulación sobre los hechos. La del recurso No. 5429 dice:

"Que Edmundo B. Fernández, el acusado en este caso, desde enero primero a marzo 31 de 1933, tenía y tiene, una fábrica sita en el barrio 'Juan Sánchez' del término municipal de Bayamón, dedicada única y exclusivamente a la fabricación de alcoholado denominado 'Santa Ana' y a la fabricación de *bay rum* denominado 'Boricua'; que el citado Edmundo B. Fernández desde enero 1 a

marzo 31 de 1933, no se ha provisto de licencia alguna de rentas internas correspondiente a dicho trimestre a los efectos de la fabricación del citado alcoholado y el mencionado *bay rum*."

La del recurso No. 5430 sólo se diferencia en cuanto al período durante el cual mantuvo el acusado su fábrica sin licencia, a saber, "desde abril primero a junio 30 de 1933."

La corte de distrito declaró culpable en ambos casos al acusado y éste interpuso las presentes apelaciones que se han sometido por un solo alegato y que serán estudiadas en esta sola opinión.

Sostiene el apelante que la corte de distrito erró al resolver que la Ley de Arbitrios exige a los fabricantes de alcoholado y *bay rum* proveerse de licencia y por tanto que no pudo condenar al acusado como infractor de dicha ley.

De la resolución fundada de la corte declarando sin lugar la moción de *nonsuit* que el acusado le presentara, transcribimos lo que sigue:

"La materia de arbitrios está, pues, regulada específicamente en el Título Segundo; y la materia de licencias está específicamente regulada por el Título Cuarto. En este último título está comprendida la Sección 84 que, en lo pertinente, ya hemos dejado copiada.

" 'Negocios u ocupaciones sujetos a licencias' se titula la primera parte del Título Cuarto. Ocupa toda la Sección 84. Y dice la ley que cada tres meses toda persona dedicada a cualquiera de las ocupaciones o negocios relacionados en esa sección pagará por cada fábrica la contribución por concepto de licencia allí prescrita. Y en el apartado 8 de dicha sección se dispone que los fabricantes de perfumería con alcohol pagarán, los de primera clase $100 y los de segunda clase $75 por concepto de licencia.

"Habiendo el acusado admitido como cierto el hecho imputádole de que se dedicó a la fabricación de alcoholado y *bay rum* sin haberse provisto de la correspondiente licencia; estando determinado en el Título Cuarto de la Ley de Rentas Internas, sección 84, inciso 8, que todo fabricante de perfumería con alcohol pagará una contribución por concepto de licencia; diciendo la sección 86 que ninguna persona se dedicará a negocio alguno o industria de las citadas en la ley mientras no haya pagado la licencia en la forma que en la misma se dispone; y declarando la sección 92 delito menos grave el emprender o continuar cualquier industria u ocupación su-

jeta a licencia sin proveerse de la misma, no procede la absolución perentoria del acusado.

"La denuncia establecida es una por carecer el acusado de la licencia correspondiente. No es por falta del pago del arbitrio a que hace mención el Título Segundo de la ley, por lo que la cita que hace el acusado del inciso 32 del artículo 16 comprendido en dicho título y cualquiera interpretación del mismo no tiene relación con este caso. La cuestión ante nos, según la denuncia y los hechos estipulados, es una imputada infracción a la sección 84, apartado 8, comprendido en el Título Cuarto."

No hay duda alguna de que el alcoholado y el *bay rum* se consideran como cosméticos y perfumes.

"El *bay rum* es un líquido aromático obtenido destilando ron con las hojas del arrayán (*Pimenta* o *Myrcia acus*) o mezclando esencias, como la esencia de myrcia, o de cáscara de naranja, y de pimienta, con alcohol. Se utiliza como cosmético y como perfume." (The Standard Encyclopedia, Vol. 3, pág. 65, Ed. 1931.)

En Puerto Rico el *bay rum* se conoce generalmente con el nombre de ron de malagueta y se obtiene destilando ron con semillas y hojas de malagueta o simplemente agregando al ron esencia de malagueta. Los alcoholados se fabrican a base de la destilación del ron con malagueta y otras semillas y hojas aromáticas.

Tampoco la hay de que los cosméticos y perfumes están sujetos al pago de arbitrios. El inciso 32 de la sección 11 de la ley de que se trata, dice:

"32. *Cosméticos.*—Sobre todo cosmético, esencia, agua de tocador, perfume, jalea de petróleo, crema o aceites, pinturas o coloretes, pomadas, jabón y polvo de tocador, lociones para el cabello y cualquier substancia, artículo o preparación similar que se distinga como tal, por cualquier nombre o de otro modo, usado o para ser aplicado para uso de tocador o para adorno personal, que se venda, traspase, fabrique, use o introduzca en Puerto Rico, un impuesto de diez (10%) por ciento sobre el precio de venta."

Pero el apelante alega que dicho inciso ha sido interpre-

tado y reglamentado por el Tesorero en 24 de julio de 1931, como sigue:

"32. *Cosméticos y perfumería.*—Se considerarán como tales toda preparación que se use o aplique o que se fabrique o introduzca para ser usada o aplicada en el tocador, para el baño o para el cabello, o para hermosear la tez o ser usada como perfume.

"Las lociones y esencias sin perfume, aceites y líquidos para *shampoo*, polvos talcos sin perfume, los jabones, bien en forma líquida o semi-líquida o en cualquier otra forma sin perfume, las cremas y jabones para afeitar sin perfume, o que fueren medicinales y recetadas como tales, así como las pastas, polvos, y líquidos dentífricos, alcoholados y *bay rum*, estarán exentos del pago del impuesto."

Y alega además que la propia ley prescribe:

"Sección 13.—*Fabricantes.*—Para los efectos de esta Ley serán considerados como fabricantes todos los que se dediquen a la manufactura de cualquier producto sujeto al pago de arbitrios, según queda establecido en la sección 16 de esta Ley, o cuya venta sea tributable de acuerdo con la sección 62 de la misma.

"También serán considerados como fabricantes los que dispusieren de artículos manufacturados por otros y los hicieren objeto de comercio, mediante una presentación especial o distinta a como los obtuvieron, de manera que aparecieren como un produco de fabricación terminado. No serán considerados como tales fabricantes los que se dediquen al tráfico de productos derivados de su principal fabricación."

Y basándose en ello sostiene en resumen que "la licencia por concepto de fabricación, a tenor de lo dispuesto por la Ley de Rentas Internas, está supeditada a que el producto fabricado esté sujeto al pago de arbitrio, a tenor de lo dispuesto por la sección 16 de dicho estatuto, tal y como se provee en la sección 13 del mismo, y que por tanto, todo producto que expresamente no esté gravado con arbitrio, a tenor de lo determinado por la sección 16, de la tantas veces citada Ley de Rentas Internas de Puerto Rico, no puede ser sometido a tributación, a través de una licencia, y amparándose el Hon. Tesorero de Puerto Rico en lo preceptuado en la sección 84 del cuerpo legal en cuestión."

Aunque hay que reconocer la fuerza del argumento del apelante creemos, sin embargo, que rige para los fabricantes de alcoholados y *bay rum* la sección 84 de la ley como sostuvo la corte sentenciadora.

A la exención del tributo que determina el inciso 32 de la sección 16 no puede dársele más alcance que el de la exención en sí misma. La naturaleza de los alcoholados y *bay rum* continúa siendo igual y por tanto pueden y deben quedar comprendidos dentro de los términos de la sección 84 de la ley que en lo pertinente dice:

"Sección 84.—Cada tres meses toda persona dedicada a cualquiera de las ocupaciones o negocios relacionados en esta sección pagará por cada fábrica, sitio, establecimiento comercial o industrial, la contribución por concepto de licencias respectivamente prescrita, a saber:

"8.—Fabricantes de perfumería con alcohol, primera clase, cien (100) dólares; segunda clase, setenta y cinco (75) dólares."

El argumento de la expresa exención del pago de tributo a los traficantes en alcoholados y *bay rum* que también aduce el apelante, es contrario a su contención. Si hubiera sido la intención de la Legislatura la de eximir a los fabricantes de alcoholados y *bay rum* del deber de obtener una licencia para dedicarse a su fabricación, hubiera hecho lo mismo que hizo en el caso de los traficantes, eximirlos expresamente.

*Deben confirmarse las sentencias recurridas.*